UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN L. POOLE II,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>BONNIE DUMANIS, Warden,<br><br>　　　　　　　Respondent. | Civil No.　14-3044 BTM (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING FIRST AMENDED PETITION WITHOUT PREJUDICE** |

On December 23, 2014, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On February 9, 2015, the Court denied the application to proceed in forma pauperis and dismissed the petition with leave to amend, for failure to allege exhaustion of state judicial remedies. (ECF No. 5) In its February 9, 2015 Order, the Court notified Petitioner that in order to have his case reopened he must either pay the filing fee or provide adequate proof of his inability to pay and file a First Amended Petition which cured the pleading deficiency outlined in the Order, no later than March 23, 2015. (*Id.*) On February 20, 2015, Petitioner submitted a First Amended Petition and a Motion to Proceed in Forma Pauperis. (ECF Nos. 6 & 7.)

/ / /

**REQUEST TO PROCEED IN FORMA PAUPERIS**

According to the signed Prison Certificate included with Petitioner's request to proceed in forma pauperis, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

The First Amended Petition must be dismissed because Petitioner has again failed to allege exhaustion of state judicial remedies. As discussed in the Court's February 9, 2015 Order, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

///

Nowhere on the First Amended Petition does Petitioner allege that he raised his claims in the California Supreme Court. Petitioner states that on December 19, 2014 he submitted a notice of appeal to Superior Court Judge Dewayne K. Moring. He also states he made a motion to vacate his conviction which was denied by Judge Moring. (*See* Amended Pet. at 2.) In a document filed on February 23, 2015, Petitioner again asserts his "intention to appeal [his] conviction,"[1] yet nothing in that document suggests he has presented his claims to the California Supreme Court. (*See* ECF No. 13.) If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

///

---

[1] In that document, Petitioner includes numerous "attachments," including an unfiled civil rights complaint, two petitions for writ of habeas corpus which appear to be for the San Diego Superior Court, a civil rights complaint for the District Court for the Western District of Oklahoma, a petition for writ of habeas corpus for the District Court for the Western District of Oklahoma, an application to proceed in forma pauperis for Western Oklahoma, and an application to proceed in forma pauperis for this District Court. Petitioner appears to seek "all documents, minutes and filings" and to bring before this Court "all of the discovery that Petitioner desires to present." (ECF No. 13 at 14-15.) None of these documents, however, show that Petitioner has exhausted state judicial remedies as to the claims presented in the instant petition.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Based on the foregoing, the application to proceed in forma pauperis is **GRANTED** and the First Amended Petition is **DISMISSED** without prejudice for failure to allege exhaustion of state judicial remedies. In order to have this case reopened, Petitioner must submit a Second Amended Petition, **no later than April 24, 2015**, which alleges exhaustion of state judicial remedies. Further, Petitioner is advised that if he has not submitted a Second Amended Petition alleging exhaustion of his state court remedies with regard to his claims on or before **April 24, 2015**, he will have to

start over by filing a completely new habeas petition in this Court. *See In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**

DATED:  March 16, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court