# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN L. POOLE II,<br><br>                      Petitioner,<br><br>v.<br><br>BONNIE DUMANIS, et al.,<br><br>                      Respondents. | Civil No.   14cv3044-BTM (MDD)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR CLARIFICATION;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; and,**<br><br>**(3) EXTENDING TIME TO FILE THIRD AMENDED PETITION** |

      On December 23, 2014, Petitioner, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis. (ECF Nos. 1-2.) On February 9, 2015, the Court denied the application to proceed in forma pauperis, and dismissed the Petition without prejudice for failure to allege exhaustion of state judicial remedies. (ECF No. 5.)

      On February 20, 2015, Petitioner filed a First Amended Petition and a Motion to Proceed in Forma Pauperis. (ECF Nos. 6-7.) On March 17, 2015, the Court granted Petitioner's Motion to proceed in forma pauperis, but dismissed the First Amended Petition without prejudice because he had once again failed to allege exhaustion of state court remedies. (ECF No. 18.)

On March 23, 2015, Petitioner filed a Motion for Appointment of Counsel. (ECF No. 20.) On April 24, 2015, he filed a Second Amended Petition, which alleged exhaustion of state court remedies but failed to list any claims, referring instead to the claims presented in his previous petitions. (ECF No. 23.) On May 7, 2015, the Court dismissed the Second Amended Petition without prejudice on the basis that it was not complete in and of itself and not on a court-approved form. (ECF No. 25.) Petitioner was sent an amended petition form, and was instructed that if he wished to proceed with this matter he was required, on or before June 1, 2015, to file a Third Amended Petition which was complete in and of itself and on a court-approved form. (Id. at 2.)

After that Order of dismissal was filed, the Court received a brief in support of the Second Amended Petition, which appears to have crossed in the mail with the Order of dismissal. (ECF No. 26.) Because the Second Amended Petition has been dismissed without prejudice and with leave to amend, the brief filed in support thereof, which does not cure the defects of pleading of the Second Amended Petition, is rendered moot.

Petitioner has also filed a Motion for Clarification in which he indicates that he wishes to clarify that he has exhausted his state court remedies, and requests this Court to copy and mail to Petitioner several documents which, although unclear, were either supposed to have been attached to the Motion but were not, or have been filed in the District Court for the Western District of Oklahoma, or which Petitioner intends to file in that court. (ECF No. 22.) The Motion for Clarification is **DENIED**, as Petitioner has already alleged that he has exhausted his state court remedies, and because there is insufficient information to identify which documents Petitioner requests this Court to copy for him. (See ECF No. 22 at 4.)

Additionally, Petitioner's Motion for appointment of counsel is **DENIED** without prejudice as premature. The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief

pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); <u>Terrovona v. Kincheloe</u>, 912 F.2d 1176, 1181 (9th Cir. 1990); <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir. 1984). The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition or utilizes the discovery process. <u>Terrovona</u>, 912 F.2d at 1177; <u>Knaubert</u>, 791 F.2d at 728; Rule 8(c), 28 U.S.C. foll. § 2254; Rule 6(a), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary where no evidentiary hearing or discovery is necessary. <u>Terrovona</u>, 912 F.2d at 1177; <u>Knaubert</u>, 791 F.2d at 728; see <u>Chaney</u>, 801 F.2d at 1196 ("Indigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations.")

It is premature at this point in the case to determine whether the "interests of justice" warrant the appointment of counsel. The Motion for appointment of counsel is therefore **DENIED** without prejudice to Petitioner to renew after he has filed his Third Amended Petition.

### CONCLUSION

Based on the foregoing, Petitioner's Motion for Clarification [ECF No. 22] is **DENIED**, his Motion for appointment of counsel [ECF No. 20] is **DENIED** without prejudice, and this action remains **DISMISSED** without prejudice and with leave to amend. The Court **EXTENDS** the deadline for Petitioner to file the Third Amended Petition. If he wishes to proceed with this matter, he must file a Third Amended Petition **no later than July 1, 2015**, which is complete in and of itself and is on a court-approved petition form.

**IT IS SO ORDERED.**

DATED: May 20, 2015

BARRY TED MOSKOWITZ, Chief Judge
United States District Court