UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN POOLE II, <br><br>　　　　　　Petitioner, <br><br>v. <br><br>SHERIFF GORE, <br><br>　　　　　　Respondent. | Case No.: 14-cv-3044-BTM-MDD <br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** <br><br>**[ECF No. 34]** |

　　　This Report and Recommendation is submitted to United States District Judge Barry T. Moskowitz pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

　　　For the reasons set forth herein, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

//

//

1

14-cv-3044-BTM-MDD

## I. PROCEDURAL HISTORY

### A. FEDERAL PROCEEDINGS

Juan Poole II ("Petitioner") is a state prisoner proceeding *pro se* and *in forma pauperis*. (ECF Nos. 18, 27). On December 23, 2014, Petitioner filed a Petition For Writ of Habeas Corpus in the United States District Court for the Southern District of California. (ECF No. 1). On May 20, 2015, Petitioner filed the operative Third Amended Petition. (ECF No. 27). Petitioner raises four grounds for relief: (1) his free speech rights and right to petition grievances were violated during trial; (2) the conditions of his confinement constitute cruel and unusual punishment; (3) prosecutorial misconduct in suppressing exculpatory evidence during trial; and (4) ineffective assistance of trial counsel.

On June 19, 2015, Respondent filed a Motion to Dismiss the Third Amended Petition. (ECF Nos. 34, 35). On June 29, 2015, Petitioner signed a Response in Opposition to Respondent's Motion to Dismiss. (ECF No. 38). On August 24, 2015, Petitioner filed a memorandum in support of his claims. (ECF No. 50).

### B. STATE PROCEEDINGS

Petitioner was found guilty by a jury trial for unlawful taking and driving of a vehicle with a prior similar conviction (Cal. Veh. Code § 10851(a) and Cal. Pen. Code § 666.5(a)) and grand theft automobile with a prior vehicle theft (Cal. Pen. Code §§ 487(d)(1) and 666.5(a)). (ECF No. 35-1 at 1). On January 9, 2014, Petitioner was sentenced to four years of confinement in the San Diego County jail. *Id*. On

1 December 19, 2014, Petitioner filed an appeal with the California
2 Court of Appeal, which is currently pending. *Id.*
3   On January 16, 2015, Petitioner filed a petition for writ of habeas
4 corpus in the San Diego County Superior Court. *Id.* at 2. On January
5 26, 2015, the Superior Court denied Petitioner's state petition because
6 of the pending appeal. *Id.*
7   On March 27, 2015, Petitioner filed a state petition for writ of
8 habeas corpus in the California Supreme Court. (ECF No. 35-5). On
9 April 22, 2015, the California Supreme Court denied Petitioner's state
10 petition. *Id.*
11   On April 27, 2015, Petitioner filed a petition for writ of mandate
12 with the California Supreme Court. (ECF No. 35-3). On May 22,
13 2015, the California Supreme Court transferred the petition to the
14 California Court of Appeal. *Id.* On June 4, 2015, the California Court
15 of Appeal denied Petitioner's state petition for writ of mandate. (ECF
16 No. 35-4).

17 **II. SUMMARY OF ARGUMENTS**

18   Respondent argues the Petition should be dismissed under the
19 abstention doctrine set forth by *Younger v. Harris*, 401 U.S. 37 (1971).
20 (ECF No. 34). Respondent further argues that Petitioner's claims are
21 unexhausted because the appeal is still pending. *Id.* Petitioner claims
22 abstention is not warranted and his claims are exhausted. (ECF No.
23 38).
24 //
25 //

### III. LEGAL STANDARD

The *Younger* abstention doctrine prohibits federal courts from enjoining pending state criminal prosecutions, unless extraordinary circumstances create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). *Younger* abstention applies to both criminal proceedings and civil proceedings, "provided those proceedings implicate important state interests." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987) (citing *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1987)). Under *Younger*, federal courts are directed to abstain from granting injunctive or declaratory relief if it would interfere with pending state judicial proceedings. *Younger*, 401 U.S. 40-41; *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997).

*Younger* abstention is appropriate when: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Martinez*, 125 F.3d at 781; *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). If the three requirements are met, "a district court must dismiss the federal action." *World Famous Drinking Emporium*, 820 F.2d at 1081. This is particularly important in the habeas corpus context because a state prisoner's conviction may be reversed on

appeal, rendering the federal habeas petition moot. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

## IV. DISCUSSION

### A. YOUNGER ABSTENTION

All three requirements of the *Younger* abstention doctrine are satisfied. First, Petitioner's direct appeal from his trial is pending in the California Court of Appeal. (ECF No. 35-2 at 2). Second, the state criminal proceedings involve important state interests. *Moore v. Sims*, 442 U.S. 415, 423 (1979) (explaining that *Younger* was first articulated with reference to state criminal proceedings). The State has an important interest in enforcing its criminal laws. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975).

Third, the state appellate process provides an adequate opportunity for Petitioner to raise his constitutional challenges. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (stating that the appellate process ordinarily provides a "fair and sufficient opportunity for vindication of federal constitutional rights."). Petitioner should first "set up and rely upon his defense in the state courts . . . , unless it plainly appears that this course of action would not afford adequate protection." *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243-244 (1926)). Petitioner has not shown the appellate process would not afford him an adequate opportunity to raise his constitutional issues.

When abstention applies, federal courts may interfere with ongoing state criminal proceedings only in extraordinary

circumstances where a threat of irreparable injury exists. *Younger*, 401 U.S. at 45-46. Irreparable injury does not exist if the threat to Petitioner's federally protected rights may be eliminated by his defense of the criminal case. *Younger*, 401 U.S. at 46. Petitioner has not demonstrated that such extraordinary circumstances exist and his defense on appeal may eliminate the threat to his federally protected rights. As a result, abstention is required.

**B. EXHAUSTION**

Petitioner argues that his claims are exhausted, and therefore ripe for consideration, because he filed a state habeas corpus petition in both the California Superior Court and California Supreme Court and a writ of mandate with the California Court of Appeal. (ECF No. 38 at 3-4). Respondent argues a pending appeal makes federal proceedings unexhausted, requiring dismissal of the operative Petition. (ECF No. 34-1 at 5).

Petitioner's claims have not been exhausted in state court because of his pending state action. *Sherwood*, 716 F.2d at 634. When an appeal of a state criminal conviction is pending, a habeas corpus petitioner "must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Id*. This is true even where the federal constitutional claims cannot be resolved in the pending appeal because the appeal may result in a reversal, mooting the federal issues. *Id*.

//

**C.  CIVIL RIGHTS: 42 U.S.C. § 1983**

A civil rights action under 42 U.S.C. § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Challenges to the conditions of confinement are cognizable under 42 U.S.C. § 1983 and not under habeas corpus. *See Edwards v. Balisok*, 520 U.S. 641 (1997).

Petitioner's second ground for relief alleges the conditions of his incarceration constitute cruel and unusual punishment.  (ECF No. 27 at 7).  He explains that during incarceration, he endured "freezing, dangerous, unsanitary, and overcrowded living environments," was "tortured through sound and abuse," and was served raw food.  (ECF Nos. 27, 50).  This is a claim under 42 U.S.C. § 1983, not a claim for habeas relief.  (ECF No. 27).  Petitioner's civil rights claim should be dismissed without prejudice. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995), *Turner v. Yates*, NO. CIV S 03-2248DFLPANP, 2005 WL 1365132 (E.D.Cal.) ("Where a prisoner alleges some grounds for habeas relief and others for civil rights violations, the court should dismiss the civil rights claims without prejudice.").

As a result, this Court **RECOMMENDS** Petitioner's second ground for relief be **DISMISSED WITHOUT PREJUDICE**.  This Court **FURTHER RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED**.

//

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING** Respondent's Motion to Dismiss; and (3) Directing that judgment be entered dismissing the Petition without prejudice.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **September 18, 2015**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **September 25, 2015**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated:   August 26, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge