1
2
3
4
5
6
7
8

9            **UNITED STATES DISTRICT COURT**

10          **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   JUAN POOLE II,                          Civil No. 14cv3044-BTM (MDD)

13                          Petitioner,       **ORDER:**

14                                            **(1) ADOPTING THE FINDINGS AND CONCLUSIONS OF UNITED**
15                                            **STATES MAGISTRATE JUDGE;**
     vs.
16                                            **(2) GRANTING RESPONDENT'S MOTION TO DISMISS;**

17                                            **(3) DISMISSING THIRD**
18                                            **AMENDED PETITION FOR A WRIT OF HABEAS CORPUS**
19   JEFFREY BEARD, Secretary,                **WITHOUT PREJUDICE; and**

20                          Respondent.       **(4) DECLINING TO ISSUE A CERTIFICATE OF**
21                                            **APPEALABILITY**

22

23        Juan Poole II (hereinafter "Petitioner"), is a California prisoner proceeding pro se

24   and in forma pauperis with a Third Amended Petition for a Writ of Habeas Corpus filed

25   pursuant to 28 U.S.C. § 2254. (ECF No. 27.) Petitioner challenges his December 9,

26   2014, San Diego Superior Court conviction on one count of unlawfully taking and

27   driving a vehicle with a prior conviction for vehicle theft, and one count of grand theft

28   automobile with a prior vehicle theft, for which he was sentenced on January 9, 2014,

to four years confinement in the San Diego County Jail. (Lodgment No. 1 [ECF No. 35-1] at 1.)  Petitioner states that he was released from the jail onto probation on or about September 29, 2015, during the pendency of this action. (ECF No. 55.)  He alleges that his federal Constitutional rights were violated by the trial court's refusal to grant or respond to his various requests during trial (Claim 1), his right to be free from cruel and unusual punishment was violated by cold, crowded, dangerous and unsanitary conditions in jail (Claim 2), his due process rights were violated when the prosecutor altered a video used at trial which was obtained through an unreasonable search and seizure (Claim 3), and he received ineffective assistance of counsel at trial (Claim 4). (TAP at 6-9.)

Respondent has filed Motion to Dismiss the Third Amended Petition. (ECF No. 34.)  Respondent argues that because Petitioner's direct appeal is still pending in state court, his claims are unexhausted, and this Court must abstain from addressing such claims under Younger v. Harris, 401 U.S. 37 (1971). (MTD at 3-5.)  Petitioner has filed a Traverse in which he argues abstention is not appropriate because he has done everything in his power to present his claims to the state courts. (ECF No. 38.)

United States Magistrate Judge Mitchell D. Dembin has filed a Report and Recommendation ("R&R") which recommends granting the Motion to Dismiss. (ECF No. 51.)  The Magistrate Judge found that because Petitioner's direct appeal is currently pending in the state appellate court, Petitioner has failed to exhaust state court remedies as to his habeas claims, and this Court is required under Younger to abstain from addressing such claims. (R&R at 3-6.)  The Magistrate Judge also found that Petitioner's conditions of confinement claim (Claim 2) is not cognizable on federal habeas, and should be dismissed without prejudice to Petitioner to present this claim in a separate civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Id. at 7.)

Petitioner has filed Objections to the R&R. (ECF No. 58.)  He contends the state appellate process is not capable of fully addressing his federal Constitutional claims, that abstention is not appropriate for his conditions of confinement claim, and that he has satisfied the exhaustion requirement by presenting his habeas claims to the state supreme

1  court in a petition for a writ of mandate and a petition for a writ of habeas corpus.[1]  (Obj.
2  at 1-8.)

3       The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which
4  provides that: "A judge of the court may accept, reject, or modify, in whole or in part,
5  the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).
6  For the following reasons, the Court **ADOPTS** the Magistrate Judge's findings and
7  conclusions, **GRANTS** Respondent's Motion to Dismiss, **DISMISSES** the Petition
8  without prejudice, and **DECLINES** to issue a Certificate of Appealability.

9  **1.    Habeas Claims**

10       The Court need not determine whether Petitioner has properly exhausted his state
11  court remedies with respect to his habeas claims.  The Ninth Circuit has held that district
12  courts should abstain under <u>Younger</u> from adjudicating federal constitutional claims
13  when a federal habeas petitioner's state appeal is pending, irrespective of whether state
14  court remedies have been exhausted.  <u>Sherwood v. Tomkins</u>, 716 F.2d 632, 634 (9th Cir.
15  1983).  The Magistrate Judge correctly concluded that under <u>Younger</u>, federal courts
16  may not interfere with ongoing state criminal proceedings absent extraordinary
17  circumstances.  <u>Younger</u>, 401 U.S. at 45-46; <u>see</u> <u>Middlesex County Ethics Comm. v.</u>
18  <u>Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982) (<u>Younger</u> "espouse[d] a strong federal
19  policy against federal-court interference with pending state judicial proceedings.")
20  These concerns are particularly important in the habeas context where a state prisoner's

21  _____

22       [1]  The petition for a writ of mandate was transferred by the state supreme court to the state
appellate court where it was denied (Lodgment No. 4 [ECF No. 35-3] at 1), and the petition for a writ
23  of habeas corpus was denied by the state supreme court with citations to <u>People v. Duvall</u>, 9 Cal.4th 464,
474 (1995) and <u>In re Swain</u>, 34 Cal.2d 300, 304 (1949) (Lodgment No. 5 [ECF No. 35-5] at 1).  Those
24  filings do not appear to satisfy the exhaustion requirement.  <u>See Picard v. Connor</u>, 404 U.S. 270, 275-76
(1971) (in order to exhaust state judicial remedies, claims must be "fairly presented" to the highest state
25  court, that is, in a manner which allows that court to have "the first opportunity to hear the claim sought
to be vindicated in a federal habeas proceeding."); <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (the
26  "fair presentation" requirement is not satisfied where a claim is presented in a manner which precludes
consideration by the state court); <u>Pombrio v. Hense</u>, 631 F.Supp.2d 1247, 1251-52 (C.D. Cal. 2009)
27  (explaining that a <u>Duvall</u> citation points to a correctable defect and does not support exhaustion); <u>Swain</u>,
34 Cal.2d at 304 ("We are entitled to and we do require of a convicted defendant that he allege with
28  particularity the facts upon which he would have a final judgment overturned . . . [¶] The application for
the writ is denied without prejudice to the filing of a new petition which shall meet the requirements
above specified.")  As discussed below, however, the Court need not reach the exhaustion issue.

1   conviction may be reversed on appeal, thereby rendering the federal issue moot.
2   Sherwood, 716 F.2d at 634.

3       Absent extraordinary circumstances, abstention under Younger is required when:
4   (1) state judicial proceedings are ongoing; (2) the state proceedings involve important
5   state interests; and (3) the state proceedings afford an adequate opportunity to raise the
6   federal issue. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th
7   Cir. 2001). The Court adopts the finding of the Magistrate Judge that all three of these
8   criteria are satisfied here. (R&R at 5.) Petitioner's appeal is currently ongoing, there is
9   no question that the state criminal proceedings involve important state interests, and
10  Petitioner's habeas claims are the type of claims the state courts afford an adequate
11  opportunity to raise on direct appeal. Abstention is therefore required. See Huffman v.
12  Pursue, Ltd., 420 U.S. 592, 608 (1975) (Younger applies to state appellate proceedings
13  as well as ongoing proceedings in state trial court); see also Drury v. Cox, 457 F.2d 764,
14  764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled
15  to have federal interposition by way of injunction or habeas corpus until after the jury
16  comes in, judgment has been appealed from and the case concluded in the state courts.")

17      Petitioner argues that extraordinary circumstances exist due to the nature of his
18  claims, in that they allege bad faith regarding misconduct by the prosecutor at trial and
19  the police during the investigation. (Obj. at 3-4.) Petitioner has not established that the
20  allegations supporting his habeas claims cannot be adequately addressed on appeal.
21  Because Petitioner has failed to demonstrate that extraordinary circumstances exist
22  which would relieve this Court of its obligation to abstain from interfering with ongoing
23  state criminal proceedings, his habeas claims are subject to dismissal without prejudice.
24  Juidice v. Vail, 430 U.S. 327, 337 (1977) (holding that if Younger abstention applies,
25  a court may not retain jurisdiction but should dismiss the action).

26  **2.    Conditions of Confinement Claim**

27      With respect to Claim 2, alleging unconstitutional conditions of confinement while
28  Petitioner was housed at the county jail, the Magistrate Judge found that the claim is not

cognizable on habeas but is the type of claim which is properly brought in a civil rights action pursuant to 42 U.S.C. § 1983.  In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Court held that habeas is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that confinement, even though the claim may also come within the literal terms of section 1983.  <u>Id.</u> at 488-500.  On the other hand, a section 1983 action is a proper avenue for a state prisoner who is making a constitutional challenge to the conditions of his custody, but not to the fact or length of his custody.  <u>Id.</u> at 499.

The Supreme Court has therefore concluded that state prisoners must use habeas corpus "when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody," <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005), and that claims which, if successful, would not entitle Petitioner to release from custody, are cognizable under section 1983. <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-48 (1997); <u>see also</u> <u>Mayle v. Felix</u>, 545 U.S. 644. 671 n.4 (2005) ("the single, defining feature setting habeas cases apart from other tort claims against the State is that they 'necessarily demonsrat(e) the invalidity of the conviction.'"), quoting <u>Heck v. Humphrey</u>, 512 U.S. 477, 481-82 (1994).

It is clear that Claim 2, alleging unconstitutional conditions of confinement while Petitioner was housed at the county jail, is properly brought under 42 U.S.C. § 1983 and not habeas.  The Court declines to construe the Petition as a complaint filed pursuant to 42 U.S.C. § 1983 because there is no indication Petitioner would be prejudiced by being required to file a separate civil rights action.  <u>See</u> <u>Willwording v. Swenson</u>, 404 U.S. 249, 251 (1971) (holding that district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), <u>superceded by statute on other grounds as recognized in</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).

14cv3044

1  The Court **ADOPTS** the Magistrate Judge's findings and conclusions that
2  Petitioner's conditions of confinement claim should be dismissed without prejudice to
3  Petitioner to present this claim in a separate civil rights complaint.

4  **3.    Certificate of Appealability**

5  When the district court dismisses claims on procedural grounds, the Court must
6  decide "whether 'jurists of reason would find it debatable whether the district court was
7  correct in its procedural ruling.'" Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir.
8  2000), quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner may also be
9  entitled to a certificate when the "questions are adequate to deserve encouragement to
10 proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983) (citation omitted),
11 superseded on other grounds by 28 U.S.C. § 2253(c)(2). The Court finds that under
12 those standards a Certificate of Appealability is not appropriate.

13 **4.    Conclusion and Order**

14 The Court **ADOPTS** the findings and conclusions of the Magistrate Judge,
15 **GRANTS** Respondent's Motion to Dismiss, **DISMISSES** the Third Amended Petition
16 for a Writ of Habeas Corpus, and **DECLINES** to issue a Certificate of Appealability.
17 The dismissal is without further leave to amend in this action, but without prejudice to
18 Petitioner to present his habeas claims in a new federal habeas petition (which will be
19 given a new civil case number) after his direct appeal is final, and without prejudice to
20 Petitioner to present his conditions of confinement claim in a separate civil rights
21 complaint.

22 The Clerk of Court shall enter judgment dismissing this action without prejudice
23 and declining to issue a Certificate of Appealability.

24 **IT IS SO ORDERED.**

25 DATED:  February 8, 2016

26 _____
   BARRY TED MOSKOWITZ, Chief Judge
27 United States District Court

28